IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. **08-22033-CIV-KING/BANDSTRA**

ELLEN GREENFIELD

     Plaintiff,

v.

KENT SECURITY SERVICES, INC.,

     Defendant.

                      /

FILED by *IG* D.C.
ELECTRONIC

**July 17, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## DEFENDANT'S PETITION FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, KENT SECURITY SERVICES, INC, ("Defendant") pursuant to 28 U.S.C. Sections 1331, 1343, 1441(b) and 1446, files this Notice of Removal and in support thereof would respectfully show the Court the following:

I.

     The above action was commenced on or about July 7, 2008 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In the initial complaint, Plaintiff seeks relief for violations of Title VII, 42 U.S.C. §2000e.    Defendant was served with process of July 8, 2008.   This petition for removal is timely made pursuant to 28 U.S.C. 1446(b).

II.

     The United States District Court, Southern District of Florida, is the proper district court because the Southern District of Florida embraces Miami-Dade County, the location of the state court with concurrent jurisdiction. Thus, the requirements of 28 U.S.C. 1441(a)

1

have been met.

III.

Copies of all state court processes, pleadings and other papers served upon the Defendants in this action are attached hereto.

WHEREFORE, Defendants respectfully pray that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed therefrom to this Court and that Defendants be granted such other relief to which they may be justly entitled.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendant
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647
Email: langbeinpa@bellsouth.net

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of this pleading was sent by first class mail to Richard Celler, Esq., MORGAN & MORGAN, P.A. 7450 Griffin Road, Suite 230, Ft. Lauderdale, FL 33314 on July 11, 2008.

By: _____
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

2

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NO. 0 8 - 3 8 7 0 3 CA   2

ELLEN GREENFIELD,

      Plaintiff,

v.

KENT SECURITY SERVICES, INC., a
Florida Corporation,

      Defendant.

_____/

THE ORIGINAL FILED
ON   JUL 0 7 2008
IN THE OFFICE OF
CIRCUIT CT. DADE CO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELLEN GREENFIELD ("Plaintiff" or "GREENFIELD"), a female, seeks to redress injuries she suffered as a result of being subjected to gender and pregnancy discrimination/harassment and in retaliation for objecting to and/or complaining about the discrimination/harassment, which resulted in her discharge by Defendant, KENT SECURITY SERVICES, INC. ("KENT" or Defendant) in violation of her rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

### PARTIES

1. Plaintiff, ELLEN GREENFIELD, is an adult individual who resides in Dade County, Florida.

2. Defendant, KENT, is a Florida corporation that operates and conducts business in, among others, Dade County, Florida, and is therefore, within the jurisdiction of this Court.

3.   During Plaintiff's employment, the Defendant employed in excess of fifteen (15) persons for at least twenty (20) or more weeks during each year, and engaged in industry affecting interstate commerce.

## JURISDICTION AND VENUE

4.   This is an action for damages in excess of $15,000.00, exclusive of attorneys' fees, interest and costs.

5.   This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Dade County, Florida.

6.   The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Dade County, Florida.

## CONDITIONS PRECEDENT

7.   Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission on or about April 16, 2007, (EEOC Charge No. 510-2007-3344) which was also dual filed and docketed with the Florida Commission on Human Relations, pursuant to a work sharing agreement in effect between the agencies.

8.   On May 12, 2008, the EEOC issued a Notice of Right to Sue to Plaintiff.  Plaintiff filed this lawsuit within ninety (90) days of receipt of the EEOC's Notice of Right to Sue which was issued on her charge of discrimination and over one hundred eighty (180) days after her charge was filed and docketed with the Florida Commission on Human Relations.

9.   Plaintiff has exhausted her administrative remedies.

## FACTS

10. On or about September 9, 2006, Plaintiff began her employment with Defendant as Vice President of Sales. In this capacity, Plaintiff was paid an annual base salary of $120,000 and was entitled to receive monthly commissions from sales up to $12,500, in addition to benefits including, but not limited to, a company car.

11. During her employment with Defendant in this position, Plaintiff performed her position admirably and met the sales quotas that Defendant assigned to her.

12. Plaintiff never received a written reprimand or discipline from Defendant to indicate that she was not performing well or that she was not meeting her sales quota numbers.

13. On approximately November 20, 2006, Plaintiff advised Defendant's upper management that she was pregnant, and that she would be taking time off around the time of delivery of her child and for the permitted time thereafter.

14. Immediately upon learning of Plaintiff's pregnancy, Defendant engaged in a pattern and practice of conduct intended to dismiss Plaintiff from her employment.

15. Specifically, Defendant's management began repeatedly making unwelcome and opposed negative comments toward Plaintiff regarding her pregnancy. The substance of these repeated comments was that Plaintiff was "overly emotional" because she was a "woman" and her "pregnant" was affecting her ability to work for Defendant.

16. Upon hearing these comments, Plaintiff complained in writing to Defendant's management that she felt she was being discriminated against and/or harassed as a result of her pregnancy.

17. In immediate response to Plaintiff's complaints regarding same, Defendant's management retaliated against Plaintiff by, among other things: (a) demoting Plaintiff to a

3

position of Corporate Communications Specialist/Marketing Specialist and Sales; (b) reducing Plaintiff's pay from salary to hourly; (c) cutting Plaintiff's access to Defendant's computer files and records to prevent her from performing her newly assigned job; (d) taking away Plaintiff's company car without notice leaving her with limited or no transportation to appear for work; (e) limiting Plaintiff's hours of work; (f) having Plaintiff monitored in the workplace on a daily basis by Defendant's Office Manager; and (g) advising Plaintiff that as a result of her complaints, management was not willing to address her in the workplace regarding her job duties or responsibilities moving forward.

18. Despite being put on notice of Plaintiff's complaints, Defendant, upon information and belief, conducted no investigation into Plaintiff's claims and simply continued its conduct toward her.

19. As a result of these actions, Plaintiff was constructively discharged on May 2, 2007.

20. The unlawful employment practices complained of were done knowingly and intentionally, with malice and with reckless indifference to Plaintiff's statutory protected rights. These actions were committed as a direct result of Plaintiff's gender, pregnancy, and in retaliation for her complaining about discrimination regarding same.

21. As a direct and approximate result of Defendant's conduct described above, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

4

### CLAIMS FOR RELIEF

### COUNT I - FLORIDA CIVIL RIGHTS ACT
### [DISCRIMINATION]

22. Plaintiff incorporates and realleges paragraphs 1 through 21 above. From the time Plaintiff reported her pregnancy to Defendant until the time she was constructively discharged for opposing harassment/discrimination regarding same, Defendant engaged in discriminatory and retaliatory practices which resulted in Plaintiff being subjected to discrimination and retaliation in violation of her rights secured by the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

23. As a direct and approximate result of Defendant's conduct described above, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

### COUNT II - TITLE VII (INCLUDING PREGNANCY DISCRIMINATION ACT
### [DISCRIMINATION]

24. Plaintiff incorporates and realleges paragraphs 1 through 21 above. From the time Plaintiff reported her pregnancy to Defendant until the time she was constructively discharged for opposing harassment/discrimination regarding same, Defendant engaged in discriminatory and retaliatory practices which resulted in Plaintiff being subjected to discrimination and retaliation in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, including the Pregnancy Discrimination Act.

5

25. As a direct and approximate result of Defendant's conduct described above, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

**COUNT III - TITLE VII**
**[RETALIATION]**

26. Plaintiff Incorporates and realleges paragraphs 1 through 21 above. Plaintiff engaged in protected activity by rejecting, opposing, and reporting Defendant's offensive and illegal behavior in the workplace.

27. Defendant constructively discharged Plaintiff as a direct result of her opposition, and reporting of Defendant's offensive and illegal behavior in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended including the Pregnancy Discrimination Act.

28. As a direct and approximate result of Defendant's retaliation, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

**COUNT IV - FLORIDA CIVIL RIGHTS ACT**
**[RETALIATION]**

29. Plaintiff Incorporates and realleges paragraphs 1 through 21 above.

30. Plaintiff engaged in protected activity by rejecting, opposing, and reporting Defendant's offensive and illegal behavior in the workplace.

6

31. Defendant constructively discharged Plaintiff as a direct result of her opposition, and reporting of Defendant's offensive and illegal behavior in violation of her rights secured by the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

32. As a direct and approximate result of Defendant's retaliation, Plaintiff has been injured and suffered damages, including, but not limited to, loss of income and employment benefits, degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, loss of dignity, physical trauma, medical expenses, and other non-pecuniary and intangible injuries.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ELLEN GREENFIELD respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (including the Pregnancy Discrimination Act) and the Florida Civil Rights Act, §760.01 et seq., Florida Statutes including, but not limited to:

      a.      Awarding Plaintiff appropriate back pay and lost benefits;

      b.      Ordering Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if reinstatement is not feasible, awarding Plaintiff front pay and benefits;

      c.      Awarding Plaintiff compensatory and punitive damages;

      d.      Granting Plaintiff costs and reasonable attorney's fees, and

      e.      Granting any other relief that the Court deems appropriate.

7

## REQUEST FOR JURY TRIAL

Plaintiff, ELLEN GREENFIELD, respectfully requests a trial by jury on all issues so triable.

DATED this 30th day of June 2008.

Richard Celler, Esquire
FL Bar No. 0173370
MORGAN AND MORGAN, P.A
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: 866-344-9243
Fax: 954-333-3515
E-mail: Richard@cellerlegal.com

Trial Counsel for Plaintiffs

8

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY,
FLORIDA

CASE NO.: 0 8 - 3 8 7 0 3 CA   2

ELLEN GREENFIELD,

      Plaintiff,

v.

KENT SECURITY SERVICES, INC., a
Florida Corporation,

      Defendant.

_____/

JJ /662
1816pm 7/08/08

TO:    KENT SECURITY SERVICES, INC.
       David R. Serns, Registered Agent
       17101 NE 19th Ave, Suite 205
       North Miami Bch, FL 33162

      **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY:

Richard Celler, Esq.
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Ft. Lauderdale, Florida 33314
Telephone: 1-877-435-9243
Facsimile: 954-333-3515

an answer to the Complaint which is herewith served upon you, within **twenty (20)** days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the Complaint. You also must file your answer with the Clerk
of the Court within a reasonable period of time after service. Additionally served - Notice of Filing
Consent to Join.

**JUL 0 7 2008**
_____
DATE

_____
CLERK
By: __**Banita Daniel**__
    (Deputy Clerk)

23/46

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | CIVIL COVER SHEET | CASE NUMBER<br>08-38703CA 2 |
|---|---|---|

| PLAINTIFF<br><br>ELLEN GREENFIELD | VS. DEFENDANT<br><br>KENT SECURITY SERVICES, INC., a Florida corporation | CLOCK IN<br>THE ORIGINAL FILED<br>ON JUL 0 7 2008<br>IN THE OFFICE OF<br>CIRCUIT COURT DADE CO.<br>CIVIL DIVISION |
|---|---|---|

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (Place an 'x' in one box only)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution of Marriage | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ UIFSA - IV-D | | ☐ Challenge to proposed Constitutional Amendment |
| ☐ UIFSA - Non IV-D | | ☒ Other |
| ☐ Domestic Violence | | |
| ☐ Other domestic relations | | |

| Is Jury Trial Demanded in Complaint ?   ☒ Yes ☐ No | DATE:   June 30, 2008 |
|---|---|

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated in the attached addendum pursuant to Administrative Order.   ☐ Yes ☐ No

Signature of Attorney for party initiating action:

JUDGE:

CLK/CT 96 Rev. 10/06

Clerk's web address: www.miami-dadeclerk.com

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint

☐ Returned

☐ Other

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed _____        _____
              Date                              *Signature of Server*


                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

ELECTRONIC

**July 17, 2008**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I.(a) PLAINTIFFS

Ellen Greenfield

## DEFENDANTS

Kent Security Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard Celler, Esq.
Morgan & Morgan, P.A.

ATTORNEYS (IF KNOWN)
Langbein & Langbein, P.A.
8181 NW 154 St, #105
Miami Lakes, FL 33016

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  (DADE)  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 08cv 22033 - King

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | A☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C 2000e

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY: (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  7/17/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #  983947    AMOUNT  $350.00    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

07/17/08