UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO 08-22033-CIV-ALTONAGA/BROWN


ELLEN GREENFIELD,

     Plaintiff,

v.

KENT SECURITY SERVICES, INC.

     Defendant .

_____/

### DEFENDANT's MOTION TO COMPEL BETTER ANSWERS AND PRODUCTION OF DOCUMENTS

Defendant, KENT SECURITY SERVICES, INC.("KSS") by and through undersigned counsel, and pursuant to Rule 37(a)(1), 37(a)(5) and Local Rule 26.1H1., moves the Court for an order compelling Plaintiff ELLEN GREENFIELD to provide better answers to Interrogatories and to produce documents requested in its 2nd [sic 3rd] Notice to Produce and as grounds for this motion states:

1.     KSS served Plaintiff with a Request for Production and Interrogatories on May 4, 2009.   Plaintiff served her responses on June 5, 2009 [1] objecting to categories of documents and Interrogatories.

---

[1] The certificate of service states June 5, 2009.  The envelope which contained the responses was postmarked June **9**, 2009.

2.　　Thereafter, defense counsel contacted Plaintiff's counsel on three occasions to attempt to resolve the dispute.　The most recent attempt was made on July 3, 2009. Plaintiff's counsel contends that the discovery requests are overbroad but has never stated in what respect.

3.　　As required by the local rules, Defendants sets out the entire request and Plaintiff's responses. **Requests are bolded**, Plaintiff's individual responses are set out in regular type and *italics identify the documents or information that has not yet been provided.*　Because many requests seek documents related to the same purpose, Defendants has consolidated its legal argument in support of the majority of the requests because they all have the same purpose.

<u>Background to Dispute</u>

Plaintiff's expert witness Dr. Bernard Pettingill, Jr. issued his expert witness report on February 20, 2009.　In preparing his report,　Dr. Pettingill reviewed Plaintiff's tax returns for 2006, 2007 and her estimated 2008 return. Plaintiff advised Dr. Pettingill that she expected to make even less in 2009 than she earned in 2008.　On the date he issued his report, he estimated Plaintiff's back pay to be $116,766.00 and her maximum front pay at $1,952, 601.00.　Defendant requested Plaintiff to provide the documents Dr. Pettingill reviewed but she has refused.

A second dispute revolves around journals and personal notes that Plaintiff purportedly kept during and after her employment with KSS.　In Plaintiff's deposition, she testified she had turned over to her counsel two separate sets of written notes. [Exhibit "A", E. Greenfield Depo, p. 185].　One set she identified as a spiral notebook she kept from January 10, 2007 through some unknown date and the other set of notes she described

as a "Franklin Covey" planner.   Plaintiff's counsel insisted he had produced all "notes and journals" pursuant to a prior discovery request yet Defendant only received the spiral notebook. [Id., pp. 153-156].    When the Franklin Covey planner was produced for inspection, it was missing vital pages.

Other documents also have not been produced.    Plaintiff attended counseling sessions with social worker Louise Center both during and after her employment.  Ms. Center produced her notes pursuant to a Rule 45 Subpoena and also was deposed.   Ms. Center's notes reference her encouragement to Plaintiff to "journal" her feelings about working at KSS and Mr. Neuman.   Follow-up session notes made by Ms. Center discuss that Plaintiff had prepared such writings.   Despite repeated requests and demands in response to a prior discovery request, Plaintiff never produced these notes in discovery. Defendant specifically requested the writings or "journals" in the Request for Production under review.    Plaintiff also admitted in a prior discovery response that she possessed certain "WAR" [2] reports produced during her employment with Defendant but in response to the most current Request for Production, now denies she has them.

### The Disputed Items

Requests for Production:

**2.      All journals, calendars, notes, day-timers (whether such exist in paper or electronic format), entries in PDA's or telecommunications devices, that contain your personal or work appointments and/or schedules for the period of May 3, 2007 through the date of Your response.**

Response: "Plaintiff objects to this Request as being overly broad in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and harassing. What Plaintiff has done on a day to basis in her personal life has no bearing, whatsoever,

---

[2] "WAR" reports are described by Plaintiff as "weekly activity reports."

on her claims for discrimination, retaliation, or damages.     To the extent Defendant wishes to identify specific dates or events that it is seeking related to Plaintiff's claims in this case including citation to case law regarding the discoverability of this information, Plaintiff is more than willing to confer with Defendant in good faith. As stated however, Defendant's Request is nothing short of an overly broad and impermissible fishing expedition. "

*Missing Documents:   All documents responsive to this request.*

**3.      All credit card statements and credit card receipts for purchases of goods or services made by You, including through any business entity of which You have a controlling interest, since May 3, 2007 through the present. You may limit your response to this RFP to workdays from the hours of 6:00 a.m. through 8:00 p.m.**

Response:   "Plaintiff objects to this Request as being overly broad in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and harassing.  Further, Plaintiff already has produced her earnings statements since leaving Defendant's employ.  If Defendant can proffer a legitimate and relevant explanation as to why this information is discoverable including citation to case law, Plaintiff is willing to reconsider her position upon a proper showing of same. "

*Missing Documents:    All documents responsive to Request.*

**4.      All personal journals or notes which were kept at the suggestion or direction of Louise Center.**

Response: "None".

*Missing Documents:    All documents responsive to Request.*

**7.      Copies of all contracts for the provision of services to persons or entities by You-- whether personally or through corporations or other business entities You own or control-- from June 1, 2007 through the present.**

Response: " Plaintiff objects to this Request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad and time and scope, harassing, and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks confidential or trade secret information for Plaintiff s businesses and customers which are wholly unrelated to Plaintiffs claims or Defendallt's defenses in this lawsuit. Plaintiff already has produced her tax returns to Defendant tor the relevant time period, and Plaintift"s financial infonnation, which goes to the issue of mitigation of her damages, is contained therein. To the extent Defendant Call provide case law to support the contention it is entitled to this infonnation, as opposed to simply engaging in an overly broad fishing expedition, Plaintiff is more than willing to confer in good faith further with Defendant upon receipt of same "

*Missing Documents:   All documents responsive to Request.*

**8.      Copies of all documents which reflect or relate to oral agreements between You or with corporations or other business entities which You own or controlled, and other persons or entitles for the provision of services by You from June 1, 2007 through the present.   You may redact the names of customers and the fees charged for services.**

Response:    " Plaintiff objects to this Request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad and time and scope, harassing, and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks confidential or trade secret information for Plaintiffs businesses and customers which are wholly unrelated to Plaintiffs claims or Defendant's defenses in this lawsuit. Plaintiff already has produced her tax returns to Defendant for the relevant time period,! and Plaintiffs financial information, which goes to the issue of mitigation of her damages, is contained therein. To the extent Defendant can provide case law to support the contention it is entitled to this information, as opposed to simply engaging in an overly broad fishing expedition, Plaintiff is more than willing to confer in good faith further with Defendant upon receipt of same.

*Missing Documents:   All documents responsive to Request.*

**9.      Copies of all documents which reflect the names and addresses of all real estate agents or brokers, including Buy Owner, Inc. with whom you have discussed the sale of Your current residence and/or listings of properties for potential purchase from August 26,2006 to present.**

Response:   " None in Plaintiffs possession. Plaintiff, however, has identified her Realtor for Defendant in her contemporaneous response to Defendant's Second Set of Interrogatories, and has no objection to Defendant subpoenaing the records it seeks from such Realtor."

*Missing Documents:   All documents responsive to Request*

**10.     All default notices or notices from creditors regarding late payments of debt which You have received since May 2,2007.**

Response:   "None to Plaintiff's knowledge.."

*Missing Documents*:   *Any documents responsive to this request.*

**21.     A complete copy of the Franklin Covey notebooks kept by You during Your employment with KSS.**

Response: "Plaintiff already produced same in Response to Defendant's First Request for Production. Plaintiff will make these notebooks available again, however, at her lawyer's office for inspection at a mutually convenient to be scheduled by counsel.

*Missing Documents: Those pages in the Planner which show Plaintiff's appointments for the month of February, 2007 and any other notes relating to Plaintiff's appointments..*

**24.    Copies of Your complete personal and business federal tax returns (for all businesses for which you are or served as an officer) for the years 2006, 2007 and 2008, with all attachments and schedules.**

Response: "Plaintiff already produced same in Response to Defendant's First Request for Production. Plaintiff will make these notebooks available again, however, at her lawyer's office for inspection at a mutually convenient to be scheduled by counsel"

*Missing Documents: Plaintiff's personal and business tax returns for the years 2006, 2007 and 2008.*

**25.    All documents which show efforts to mitigate Your damages in this case.**

Response: " Plaintiff refers Defendant to her already produced tax returns and the documents produced by Marksman Security and Data Boutique."

*Missing Documents: Plaintiff has not produced her personal 2007 or 2008 corporate tax returns. She previously only produced her 2005 personal tax return.*

**26.    All documents which You claim will show that testimony given in this case by any witness is perjurious, false or incomplete.**

Response: " Plaintiff objects to this Request to the extent it clearly seeks the mental impressions and conclusions of counsel as to what documents do and do not establish. Accordingly, this Request seeks    [sic].

*Missing Documents: All documents responsive to this request.*

**27.    Copies of the "WAR" reports about which You testified at your deposition at pp. 83,  89,90,97, 175 and 176.**

Response: "None. Plaintiff has requested these from Defendant and Defendant's counsel represented she would produce same, but has not to date."

*Missing Documents: All documents responsive to this request.*

<u>Interrogatories:</u>

**19.   For the period since your separation from KENT SECURITY SERV\CES, \NC. through the date of your response, list the dates you visited, attended or participated in, and the names and addresses or location of, all:**

Response:   Plaintiff objects to Interrogatories 19A-J as being overly broad in time and scope, irrelevant and not reasonably calculated to lead to the discoverable of admissible evidence, harassing, and unduly burdensome.   Specifically, Plaintiff has no ability to recollect or determine with any precision or specificity, for example, every time she had a play date for her children and with whom, ate lunch, met with a realtor, went for a wax or had her hair done, got a manicure, went to a spa, or went to a shopping center during the last two years from May 2007 through present. Subject to, and without waiving these objections, Plaintiff limits her Response, and provides the following information:

**C.     Playdates for your children**

Response:   None.

*Missing Information:   Response to Interrogatory with dates*

**D.     Lunches or other meetings with personal friends**

Response:  None

*Missing Information:   Response to Interrogatory with dates*

**E.     Realtors**

Response:   "Her Realtor was/is Coldwell Banker- 20803 Biscayne Blvd, Suite 102, Aventura, Florida 33180- dates unknown of when she met with realtor"

*Missing Information:     Dates she met with realtors.*

**F.     Waxing or Hair Salons**

Response:   "Hair Salons- Aqualina Salon- 17875 Collins Avenue, Sunny Isles Beach, Florida 33160- dates unknown of when she went."

*Missing Information:   Dates she visited salons*

**G.     Manicurists**

Response:   "T&T Nails- 1857 NE Miami Gardens Drive, North Miami Beach, Florida 33179 "

*Missing Information:   Dates she visited manicurists.*

20.  **State with specificity all adverse employment actions you claim to have suffered while employed at KENT SECURITY SERVICES as a result of pregnancy discrimination.  For each such incident or event, state the type of action you claim was adverse, the person you claim or believe to have made te decision to impose or take the adverse action; the date such event occurred or the action was taken; the names of any witnesses who were present during the adverse action; the effect such adverse action had on your ability to perform your job functions.**

Response:   " Plaintiff objects to this Interrogatory as being duplicative of all other discovery taken in this matter do date. To that end, Plaintiff reincorporates and readopts her Statement of Disputed Facts filed in Opposition to Defendant's Motion for Summary Judgment, her sworn discovery responses, and her deposition testimony in this matter, as all of the information contained therein is directly responsive to this Interrogatory."

*Missing Information:   A full response to Interrogatory.*

21.  **State with specificity all the events, considerations or factors which led you to resign your position with KENT SECURITY SERVICES.  Provide the names of all persons with whom you discussed the decision to resign before you resigned, including in your answer the name(s) of any attorneys with whom you consulted.**

Response:   " Plaintiff objects to this Interrogatory as being duplicative of all other discovery taken in this matter do date. To that end, Plaintiff reincorporates and readopts her Statement of Disputed Facts filed in Opposition to Defendant's Motion for Summary Judgment, her sworn discovery responses, and her deposition testimony in this matter, as all of the information contained therein is directly responsive to this Interrogatory. "

*Missing Information:   A full response to Interrogatory*

22.  **State in detail and with specificity each and every effect the alleged pregnancy discrimination had on you physical, emotional, mental or relationship-wise.  Include in your answer the names, addresses and telephone numbers of all persons who witnessed the changes.**

Response:     "Plaintiff objects to this Interrogatory as being duplicative of all other discovery taken in this matter do date. To that end, Plaintiff reincorporates and readopts her

Statement of Disputed Facts filed in Opposition to Defendant's Motion for Summary Judgment, her sworn discovery responses, and her deposition testimony in this matter, as all of the information contained therein is directly responsive to this Interrogatory. Additionally, Plaintiff refers Defendant to her Initial Disclosures and the medical records subpoenaed by the Defendant from Louise Center and Plaintiff's other health care professionals, as well as the deposition testimony of Louise Center."

*Missing Information:    A full response to Interrogatory*

**24.    Identify in detail each and every act or statement which You claim was discriminatory, harassing or retaliatory. For each such act or statement, provide the name of the person who engaged in the act or statement; the date and place such act occurred or statement was made; the person(s) who are witnesses to the act(s) or statement(s); and the effect such act(s) or statement(s) had on Your ability to perform Your duties at KSS.**

Response: " Plaintiff objects to this Interrogatory as being duplicative of all other discovery taken in this matter do date. To that end, Plaintiff reincorporates and readopts her Statement of Disputed Facts filed in Opposition to Defendant's Motion for Summary Judgment, her sworn discovery responses, and her deposition testimony in this matter, as all of the information contained therein is directly responsive to this Interrogatory."

*Missing Information:    A full response to Interrogatory.*

### Argument

I.    <u>The Requests Which seek Information and Documents relating to Plaintiff's Activities since her 5/2/07 Resignation Are Relevant and Not Overly Broad.</u>

Plaintiff's expert opines that Plaintiff fully mitigated her damages by seeking ***one job***

which she held for six months and then quitting it to start her own business. [3]   His

assumption is that Plaintiff would have held her Vice President, Sales position with

Defendant for ***36.73 more years*** and earned approximately $150,000 in each of those

---

[3]  It is not clear exactly what documents Dr. Pettingill reviewed in rendering his opinion.   See Section II of his report, attached as Exhibit "B".   For example, his report merely references "federal income tax returns."   There is no indication whether the returns are personal or business returns.    Plaintiff began two separate businesses in 2007.   See, Exhibit "C".

years.  He opines she is entitled to $1.9 million dollars in damages.[4]   See Pettingill Report, Exhibit "B".

Defendants RFPs # 2, 3, 21, 24 and 25 and Interrogatory 19 seek information not only to challenge Dr. Pettingill's assumptions but to show that Plaintiff did not properly mitigate her damages.  See Richardson v. Tricom Pictures and Production, Inc.,  334 F. Supp. 2d 1303 (S.D. Fla. 2004) [defendant has burden to show lack of mitigation].   In particular,  Defendant's requests focus on Plaintiff's claim for back wages through the date of trial and the issue of the adequacy of her search to find comparable employment.   If Plaintiff was attending regularly to personal affairs, rather than a job search,  it highlights her failure to mitigate damages.

Also relevant to the issue of mitigation are RFP's # 7 and 8 which seek copies of contracts or documents evincing oral agreements for her corporations' services.  Having previously argued and sought to compel Defendant to produce copies of all its contracts to show how much money she generated,  Plaintiff now argues that she should not be required to produce documents and information that would show the worth of contracts that she has entered into on behalf of her two corporations and ***the profits or future profits she will make***.[5]    Plaintiff cannot use discovery as a sword and then raise a shield to a similar request that is served for a relevant purpose.   Furthermore, the contracts and oral

---

[4]  It is the Court's function, rather than a jury, to determine if Plaintiff is entitled to front pay and if so, how much.   However, if this matter is submitted to the jury for an advisory opinion, Plaintiff would most likely offer Dr. Pettingill's testimony and report for that purpose.

[5]  The parties previously entered into a confidentiality agreement which would protect trade secrets and customer contacts.

agreements are relevant to show bias.  At least one witness, Kevin Cardiff testified he had referred business to Plaintiff.    Another witness, Lynette Janac, was solicited by Plaintiff for business. [6]

Plaintiff's claim that she already has produced documents in response to RFP's # 24 and 25 is ***only partially true.***   Plaintiff produced ***only*** a copy of her 2005 personal tax return.[7]    She has not produced any documents or information that show her  earnings (either personal or through her corporations) for 2006, 2007 or 2008.   She seeks to prevent Defendant from obtaining these documents, despite that Dr. Pettingill referred to them in his report and they are relevant to her claim for back wages.

While Plaintiff apparently claims it is a hardship for her to go back and find the documents and information which respond to RFP's # 2 and #3 and Interrogatory # 19, she has not objected to them on the basis of undue burden.   See, Local Rule 26.1(G)(5) [..." the party from whom discovery is sought must show that the information is not reasonably accessible bcause of undue burden or cost."].   She could not make that argument in any event.  Plaintiff admits she is "technologically savv" and that she stopped using a paper organizer in or around 2007 when she purchased and began to use an I-Phone.   [E. Greenfield Depo, p. 162: 13-14].    During the course of this litigation, Plaintiff has sat in depositions with her I-Phone and retrieved email she sent and received in 2006 and 2007.

---

[6] Ms. Janac's deposition was completed last week and the transcript is not yet available.

[7] Attached is a copy of the cover letter which accompanied the 2005 return she produced.   Exhibit "F".  Plaintiff did not describe which documents she produced in her discovery responses nor did she bate stamp her production.   This has allowed her to claim repeatedly through this litigation that she already has produced documents when, in reality, she has not.   See Background to Dispute, *infra,* for example.

Furthermore, many of the dates she engaged in personal activities could easily be found in check book registers or credit card statements.[8]   Instead,  Plaintiff simply ignores her responsibility to ***obtain relevant documents and information which are within her custody or control.*** [9]

Defendant needs these documents and information in advance of taking Dr. Pettingill's deposition.    That Plaintiff has not produced her tax returns (personal and corporate for the years 2006, 2007 and 2008) when trial is a mere 6 weeks away, is the height of discovery abuse.   Plaintiff should either be forced to produce the documents immediately, or forfeit her right to claim back and future wages.

Defendant's RFP #10 requests documents to determine if Plaintiff will make a claim for economic damages at trial ( i.e., lost her car, home was foreclosed, credit cards over limit, etc.)   Plaintiff's response " None to Plaintiff's knowledge" is evasive and should be treated as a complete failure to respond.  See Rule 37(a)(4).   That it is evasive is proven by the testimony of Plaintiff's husband, Jeffrey Greenfield, who averred that Plaintiff handled all the family finances. [See, Exhibit "C" attached, excerpt from J. Greenfield Depo p. 50: 19].

Nor are these requests overly broad.    Discovery of information both before and after the liability period within a [discrimination] lawsuit may be relevant and/or reasonably

----

[8]   Plaintiff produced ***some*** credit card statements but has not supplemented her prior discovery responses in accordance with Rule 26(e).

[9]   It is not Defendant's burden to subpoena her realtor.  It is Plaintiff's burden to obtain copies of documents which she signed or which show dates on which she was shown properties.   These documents and information are not only relevant to her damages claim but also to the issue of whether she was using work time for personal matters which detracted from her job performance.

calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period." Owens v. Sprint/United Management Co., 221 F.R.D. 649, 655 & n.29 (D. Kan. 2004).  See, e.g., Hill v. Dillard's, Inc., 2002 U.S. Dist. LEXIS 950 (D.Kan. 2002) [collecting cases on temporal scope of discovery requests].

II.     Documents Which Have been Identified to Exist Must be Produced.

The second issue in this dispute revolves around documents which Plaintiff or her witnesses **_admit_** to exist but have yet to be produced by Plaintiff.  Principally these consist of notes she "journaled" during the course of therapy with Louise Center and copies of "WAR" reports that she received or prepared during her employment with Defendant.

Ms. Center testified at her deposition that she had counseled Plaintiff on 8/19/07 to begin writing about her feelings. [Exhibit "D", L. Center Depo, p. 85: 18].    Her session notes from 9/19/07 report, "Ellen **_did some writing_** this week and was able to express her anger at Gil, her boss.  I told her to write about how it affected her personal life." [Id, p. 88: 16-19].   In her 10/3/08 session notes Ms. Center documents "Ellen is **_continuing to write_** her feelings.  I asked her to keep a diary of how she feels any time she gets upset."   [Id, p. 89]   Still another entry in Ms. Center's notes from a 10/24/07 session with Plaintiff records: "Ellen has been **_journaling_** her feelings." [Id, p. 92].   Clearly, Ms. Center's notes constitute an admission by Plaintiff that she kept writings or a journal.    RFP # 4 requests her to produce the writings.   Despite what Ms. Center's notes indicate,  Plaintiff **_denies_** that she has such documents.

RFP# 21 requested Plaintiff to produce her Franklin Covey planner as a result of Plaintiff's testimony at deposition that she "might have" documented the comments purportedly made by Mr. Neuman "in one of my books."  [Exhibit "A",  E. Greenfield Depo, p. 161: 12-13].    She identified two books, one being a spiral binder (introduced as an exhibit to her deposition) and the other, a Franklin Covey planner. [Id.] [10]/[11]    Still later in her deposition, Plaintiff also identified notes that she kept on legal pads. [Id, pp. 194-195].[12]

 Defendant requested to view the original Franklin Covey planner and was given that opportunity on June 9, 2009 at her counsel's office;   the original Franklin Covey planner was missing pages,  specifically those for the month of February, 2007, a critical period in terms of this case. [13]    Plaintiff has yet to provide an explanation why the pages for February, 2007 are missing from the original or to produce them.

Lastly,   Plaintiff's response to Defendant's 1st Set of Interrogatories served 9/10/08 identified "war reports from sales force" as documents that supported her claims in this

---

[10]   Defense counsel disputed at deposition that Plaintiff previously had produced a copy of the Franklin Covey planner. [Exhibit "A", E. Greenfield Depo, pp. 153-156].

[11]   Plaintiff's response to Defendant's First Set of Interrogatories identified that she possessed "notebook**s** regarding employment with Defendant."   The only notebook she every produced was the spiral binder. [See Exhibit "E", Plaintiff's Response to Defendant's First Set of Interrogatories."]   It has never been provided with copies of the legal pads Plaintiff referred to in her deposition, despite numerous requests to Plaintiff's counsel.  See Attached email.

[12]       Plaintiff never has produced the legal pads as a supplement to Defendant's RFP served 8/28/09 seeking, *inter alia* " 4.  Copies of all diaries, notes, calendars, journals, and/or chronologies made by You which support the allegations of this lawsuit."

[13]  This is the month that Plaintiff was told by Mr. Neuman that he was "unhappy" with her results and performance.

litigation.    She denominated ***"Plaintiff's counsel" as the present custodian of the***

***documents.***  See Exhibit "E", Response to Interrogatory No. 2].   Plaintiff referred to these

reports  repeatedly in her deposition.    RFP #27 requested that Plaintiff produce her copies

of the "war" reports.    Plaintiff's response to RFP # 27 ***denies*** that she had any such

documents despite her prior answer placing the documents in the custody of her lawyer.

[14]   Plaintiff's failure to produce documents which have been documented to exist connotes

serious discovery abuse.   Plaintiff should be ordered to produce ***all*** previously withheld

documents.

III.    <u>Plaintiff Must Answer Interrogatories that Require Her to State with Specificity Each
and Every Incident which Supports Her Pregnancy Discrimination, Retaliation
Claims and Constructive Discharge Claims.</u>

Plaintiff claims she should not be required to respond to Interrogatories No. 20, 21,

22 and 24 because it has all been covered before in her deposition, discovery responses

and her Statement of Facts.   Respectfully, Defendant cannot rely (nor would it rely) on

Plaintiff's deposition testimony or on her declaration because of inconsistencies,

incomplete responses and failure to produce known documents.   For example, Plaintiff

claims she recorded everything that she saw and heard in "notebooks" yet she has neither

produced all of these notebooks, or what she was produced, does not support her

testimony.    Neither the Franklin Covey planner or her spiral notebook contain

contemporaneous records any incidents of discrimination or retaliation.

Furthermore, Plaintiff's deposition was not completed on February 12, 2009. During

that session, she could not and did not pinpoint dates when certain events or remarks were

---

[14]  Defendant produced to Plaintiff on 5/12/09 copies of any reports which Plaintiff
created that were electronically stored.

made.  She also evaded an attempt by Defendant to pinpoint each and every specific instance of discrimination. [E. Greenfield Depo, pp 164-169]. [15]  It is preceisely Plaintiff's nebulousness testimony and lack of documentation that have allowed her to continually change her position in this case.    With trial three months away, Defendant posed Interrogatories 20, 21, 22 and 24 to pin Plaintiff down to what she will claim at trial. Defendant needs to know exactly what Plaintiff is alleging in order to complete her deposition. [16]

### Conclusion

Plaintiff continues to play a shell game during discovery to keep Defendant from learning the extent of everything she will allege in support of her claims.   She refuses to produce relevant documents ***which her own expert will rely on***.   She has withheld documents which are documented to exist; she has not updated discovery responses. She refuses to answer interrogatories directly– all to the end that Defendant end up flat-footed at trial.

---

[15]  When asked to state the next time "anything else happened that you considered to be pregnancy discrimination", Plaintiff responded, "I don't recall.  I'm sorry." [Id, p. 168:17-21].

[16]  Plaintiff's continued deposition was set for July 29, 2009 but suddenly this week was cancelled due to her unavailability.

WHEREFORE, Defendant respectfully requests the Court to overrule Plaintiff's

objections and order Plaintiff to comply with Defendant's discovery requests forthwith.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for Defendant.
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on July 4, 2009 through EM/ECF and that a copy of the foregoing will be served via notification through EM/ECF on all counsel or parties of record on the attached service list:


By: _Leslie W. Langbein,_
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

<u>SERVICE LIST</u>
CASE NO 08-22033-CIV-ALTONAGA/BROWN


MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL   33314.
Tel: (954) 318-0268
Fax: (954) 333-3515
email: rceller@forthepeople.com
Counsel for the Plaintiff